**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| **WOODALE PROPERTIES, LTD.**, | ) | No. **15-36341** |
| | ) | Chapter 11 |
| debtor. | ) | *Hon. Jacqueline Cox* |

**NOTICE OF MOTION**

To:  All persons on service list.

PLEASE TAKE NOTICE that on the 30th day of June, 2016, at the hour of 9:30 a.m., I shall appear before the Honorable Judge Jacqueline P. Cox, in courtroom 680, 219 South Dearborn Street, Chicago, Illinois 60604, and then and there present the attached **MOTION TO VACATE ORDER DISMISSING CASE**.

*/s/ Douglas K. Morrison /s/*
*/s/ Ann M. Erickson /s/*
MORRISON & MIX
120 N. La Salle, Suite 2750
Chicago, Illinois 60602
312-726-0888

**Proof of Service**

Ann M. Erickson, an attorney, states that she served a true and complete copy of the foregoing MOTION TO VACATE ORDER DISMISSING CASE by electronically filing the motion with the Clerk of the Court using the ECF system which will send notification of such filing to all parties entitled to electronic on this, the 20th day of June, 2016.

_____*/s/Ann M. Erickson*_____

1

**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| **WOODALE PROPERTIES, LTD.**, | ) | No. **15-36341** |
| | ) | Chapter 11 |
| debtor. | ) | *Hon. Jacqueline Cox* |

**MOTION TO VACATE ORDER DISMISSING CASE**

  WOODALE PROPERTIES, LTD. (Woodale), debtor, respectfully moves this Court pursuant to Rule 9024, Federal Rules of Bankruptcy Procedure, and Rule 60, Federal Rules of Civil Procedure, for an entry of an order vacating the order of June 15, 2016, dismissing the captioned Chapter 11 case, and in support thereof states as follows.

  1. Rule 9024, Fed.R.Bankr.P incorporates Rule 60, Fed.R.Civ.P. into bankruptcy proceedings.  Rule 60(b) requires that relief be granted on motion and may be granted for "any other reason that justifies relief." Rule 60(b)(6).  A motion to vacate an order dismissing a Chapter 11 case may be brought under Rule 60(b).  *In re Aztec Supply Corp.*, 399 B.R. 480 (Bankr.N.D.Ill. 2009).

  2. Woodale filed its petition for relief under Chapter 11 of the Bankruptcy Code on October 26, 2015.   It is a single asset real estate debtor with only one significant creditor, the mortgagee, American Chartered Bank (ACB).

  3. On November 10, 2015, over Woodale's objection, this Court granted ACB's motion to excuse compliance with Section 543(d)(1) and permitted a state-court appointed receiver, Mr. Daniel Hyman, to remain as receiver of the Woodale property.

  4. James Gentile is the president and sole shareholder of Woodale.  While Mr. Gentile was the sole operating officer of Woodale, he conducted its business from Suite 187 in the Woodale property.

5. This Court previously held that, because the suite was not going to be used by Woodale's court-appointed receiver, if Mr. Gentile desired to remain in the suite, he must begin paying rent to the receiver. Based on the receiver's opinion, the Court set the rental amount to be paid by Mr. Gentile at $3,000 per month, back dated to April 2016.

6. The Court specifically rejected Woodale's position that Mr. Gentile, as Woodale's president, would in effect be paying rent from Woodale to Woodale. The Court admonished Woodale's counsel that the receiver was in control of Woodale and, because the receiver stated that he did not intend to use Suite 187 for Woodale business, Mr. Gentile's presence in that suite was solely as a tenant, not as the president or representative of Woodale. The rent paid by Mr. Gentile would not be from Woodale, but only from Mr. Gentile, unconnected to his position with Woodale.

7. On June 1, 2016, over Woodale's objection and counsel's representation that Mr. Gentile could not afford to do so (because he was deprived of all income from Woodale, which previously been his main source of income), this Court ordered that Mr. Gentile pay June 2016 rent to the receiver on June 1, 2016 (the same day as the order) and the July rent on July 1, 2016. Mr. Gentile was able to pay the June rent to the receiver on June 13, 2016, and did so through Woodale's counsel. The receiver accepted the tender and cashed the rent check.

8. On June 15, 2016, over Woodale's objection, this Court granted ACB's motion to dismiss Woodale's Chapter 11 case. The Court specifically stated in entering the dismissal order that the only ground for dismissal was the late payment by Mr. Gentile of the June rent.

9. This order was entered in error and should be vacated.

2

10. The motion to dismiss was brought by a creditor—ACB—which has no real stake in whether or not Mr. Gentile paid his rent to Woodale's receiver in a timely manner. The bank is not affected one way or another by the rent being charged to Mr. Gentile by the receiver. Whether the rent was paid on the day it was due or at a later date is a matter for the receiver and Mr. Gentile. The bank had no standing to bring a motion to dismiss based on the private issue between two other parties of which the bank is not an interested party.

11. Mr. Hyman, the receiver, did not bring or join the motion to dismiss. The receiver accepted and cashed the rent payment without issue. The receiver did not serve Mr. Gentile with a five-day notice for non-payment of rent or in any other way complain about the payment not being made on June 1. The receiver did not threaten Mr. Gentile with eviction in any manner. The rent bill itself was not mailed to Mr. Gentile by the receiver until June 7, 2016 (see attached Exhibit A), and paid to the receiver by Mr. Gentile less than a week later. There simply was no recalcitrance here.

12. The order dismissed the Chapter 11 case of Woodale Properties for an alleged wrongful act of an individual regarding a rental property that this Court has previously ruled to have no connection to Woodale, but rather to be a unit in the possession of Mr. Gentile. The rent that was paid after the due date was rent payable from Mr. Gentile to Woodale. A court-appointed receiver collects rent on behalf of the mortgagor, not on his own behalf. The rents collected are the property of the mortgagor. *In re Caldwell's Corners Partnership*, 174 B.R. 744, 754-756 (Bankr.N.D.Ill. 1994). Woodale here is the mortgagor. If Mr. Gentile's late payment harmed any entity (of which there is no evidence), it was Woodale. Punishing Woodale under these circumstances—especially by imposition of the extreme sanction of

3

dismissal of the case—is inconsistent with the prior orders of the Court and grossly unfair to the debtor, which has violated no order of this Court.

13. Woodale's second amended plan, filed June 15, 2016, provides that all creditors be paid 100% of their allowed claims based on the large equity cushion in the property. If this case does not go forward, the likelihood is that the property will eventually be sold in a forced foreclosure sale and none of the creditors will receive the full amounts due.

WHEREFORE, this Court's order of June 15, 2016, dismissing the captioned Chapter 11 case should be vacated.

>Respectfully submitted,
>
>WOODALE PROPERTIES, LTD., debtor,
>
>by ___/s/ Douglas K. Morrison___
>    One of its attorneys

Douglas K. Morrison
Ann M. Erickson
MORRISON & MIX
120 N. La Salle Street, Suite 2750
Chicago, Illinois 60602
312-726-0888

**Proof of Service**

  Ann M. Erickson, an attorney, states that she served a true and complete copy of the foregoing MOTION TO VACATE ORDER SIMISSING CASE by electronically filing the motion with the Clerk of the Court using the ECF system which will send notification of such filing to all parties entitled to electronic notice and that this notice, on this, the 20th day of June, 2016.

              _____/s/*Ann M. Erickson*_____

EXHBIT A

Millennium Properties, Inc.
200 W. Madison Street
36th Floor
Chicago, Illinois 60606

**Statement**

861-178-CU
Midland Transportation
901 Central Avenue
Wood Dale, IL 60191

| DATE | DESCRIPTION | AMOUNT DUE | BALANCE |
|---|---|---|---|
| 04/01/2016 | Monthly Rent | 3,000.00 | |
| 05/01/2016 | Monthly Rent | 3,000.00 | |
| | PREVIOUS MONTH ENDING BALANCE | | 6,000.00 |
| | CURRENT CHARGES | | |
| 06/01/2016 | Monthly Rent | 3,000.00 | |
| | TOTAL CURRENT | | 3,000.00 |

Total Amount Due:  $ 9,000.00

Comments: Please call your property manager if you have any questions regarding your statement.

WE ARE NO LONGER USING RENTPAYMENT, PLEASE MAIL YOUR PAYMENT TO MILLENNIUM PROPERTIES

Midland Transportation
901 Central Avenue
Wood Dale, IL 60191

Statement Date: 06/01/2016

Total Due: $ 9,000.00

*Please Return This Coupon With Your Payment*

Bill to:
Midland Transportation
901 Central Avenue
Wood Dale, IL 60191

Millennium Properties, Inc.
200 W. Madison Street
36th Floor
Chicago, Illinois 60606

Date   : 06/01/2016
Unit   : 861-178-CU
Amount Due   : $ 9,000.00

Send Remittance to :
Millennium Properties, Inc.
200 W. Madison Street
36th Floor
Chicago, Illinois 60606

